UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C07-3518 BZ |
| | ) | |
| v. | ) | **ORDER DENYING APPLICATION TO** |
| | ) | **PROCEED** *IN FORMA PAUPERIS* |
| JUDGE HAMILTON, | ) | **AND DISMISSING COMPLAINT** |
| | ) | **WITH LEAVE TO AMEND** |
| Defendant(s). | ) | |

On July 6, 2007, pro se plaintiff Daniel Rodriguez filed a complaint against "Judge Hamilton", seeking $50 million and an "alteration of record." Plaintiff has applied to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). Having reviewed the complaint and application, I find that plaintiff has failed to state a claim for which relief may be granted, and I therefore **DENY** his *in forma pauperis* application and **DISMISS** his complaint with leave to amend.

Plaintiff has applied to proceed with his complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915. The court may deny *in forma pauperis* status and dismiss a complaint if it is frivolous or if it fails to state a claim on which relief may

1

1  be granted.  28 U.S.C. § 1915 (e)(2)(B).  Construed liberally
2  in his favor, plaintiff's complaint is largely
3  unintelligible.[1]  Plaintiff appears to allege that he was
4  improperly sentenced or classified as a sex offender by a
5  state court.  From the few details he offers in his complaint,
6  however, I cannot be sure of the nature of his claim.
7  Plaintiff does not specify which "Judge Hamilton" he is suing,
8  nor does he provide sufficient facts to determine this basic
9  fact.  Moreover, plaintiff must give defendant fair notice of
10 the grounds on which the complaint is based.  See McKeever v.
11 Block, 932 F.2d 795, 798 (9th Cir. 1991).  In his complaint,
12 plaintiff provides neither the statutory basis for his cause
13 of action, nor facts sufficient to inform defendant of the
14 grounds of his complaint.  Plaintiff's complaint therefore
15 fails to meet the basic requirement that it state a claim for
16 which relief can be granted.

17     Moreover, to the extent that plaintiff seeks to bring a
18 claim against a state-court judge for actions taken in that
19 judge's official capacity, that claim must be dismissed
20 because the judge would have immunity from suit.  See Mireles
21 v. Waco, 502 U.S. 9, 11 (1991) ("Like other forms of official
22 immunity, judicial immunity is an immunity from suit, not just
23 from ultimate assessment of damages").  Additionally, this
24 Court does not have jurisdiction to stay or alter a ruling of

---

[1]  The court must liberally construe a pro se complaint, giving the plaintiff the benefit of any doubt.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

a state-court judge, and therefore cannot alter plaintiff's record as requested in his complaint. See <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005) (approving dismissal of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); <u>Worldwide Church of God v. McNair</u>, 805 F.2d 888, 890-91 (9th Cir. 1986) (forbidding the filing of suits seeking *de facto* review of state-court decisions). If plaintiff is dissatisfied with a state-court ruling, his remedy is to seek timely and appropriate review through the state court system.

Because I find that plaintiff's complaint fails to state a claim upon which relief may be granted, **IT IS HEREBY ORDERED** that plaintiff's *in forma pauperis* application is **DENIED**, with leave to amend his complaint. If plaintiff desires to proceed with this lawsuit, he must file an amended complaint by **Monday, August 27, 2007**. The amended complaint should be a short, legible statement in plain English that clearly states the facts that form the basis for his suit against each defendant. It must also contain claims that are within the jurisdiction of this Court, and must state the full name of the defendant. In amending his complaint, plaintiff may wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual is available in the Clerk's Office and online at: www.cand.uscourts.gov.

If plaintiff chooses to file an amended complaint, **IT IS FURTHER ORDERED** that at the time of filing he shall provide a

3

1  writing consenting or declining to consent to magistrate judge
2  jurisdiction.  If plaintiff does not amend or otherwise comply
3  with this Order, this case will be reassigned to a district
4  judge with a report and recommendation that it be dismissed
5  pursuant to 28 U.S.C. § 1915(e)(2)(B).
6  Dated:  August 3, 2007

                                    _____
                                            Bernard Zimmerman
                                    United States Magistrate Judge

G:\BZALL\-BZCASES\Rodriguez v. Hamilton\ORDER DENYING IFP AND DISMISSING.wpd

4